UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-81022-CIV-MARRA/MATTHEWMAN

CLEOLA PRINGLE and ALBERT PRINGLE,

    Plaintiffs,

vs.

JOHNSON & JOHNSON, a New Jersey corporation;
ETHICON, INC., a New Jersey corporation; GYNECARE
WORLDWIDE; ETHICON WOMEN'S HEALTH AND
UROLOGY; and JOHN DOE CORPORATIONS 1-50,

    Defendants.

_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Supplement Plaintiff's Response in Opposition to Defendants, Ethicon, Inc. and Johnson & Johnson's Motion for Partial Summary Judgment With Affidavit of Implanting Physician, Edward R. Becker, M.D. [DE 27]; Defendants' Motion to Strike the Untimely Affidavit of Edward R. Becker, M.D. [DE 35]; and Plaintiff's Motion for Extension of Time to File Implanting Physician's Affidavit in Support of her Opposition to Defendants, Ethicon, Inc. and Johnson & Johnson's Motion for Partial Summary Judgment [DE 39]. The Court has carefully considered the motions, responses, replies when filed, oral argument of counsel at a hearing on October 22, 2019, and is otherwise fully advised in the premises.

**Discussion**

Plaintiff identified her treating physician, Edward R. Becker, M.D., as a "non-retained expert witness." *See* DE 59 at 6. The disclosures about expert witnesses must be made at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(2)(D). In this case, Pretrial Order #303 established July 13, 2018 as the last date to complete all discovery, *including disclosures required by Federal Rule of Civil Procedure 26(a)(1) and (2)*. DE 75-5 at 4 of 10 (emphasis supplied).

Rule 26 was amended effective December 2010, to resolve the tension that led some courts to require expert reports for non-retained experts. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2031.2 (3d ed. 2019). While Rule 26(a)(2)(A) requires the disclosure of any witness who will give testimony under Rules 702, 703, or 705, Rule 26(a)(2)(C)[1] requires only a lesser disclosure of subject matter and a summary of facts and opinions in expected testimony for any witnesses who do not fall into the categories in Rule 26(a)(2)(B) (retained or specially employed to provide expert testimony in the case, or an employee whose duties regularly involve giving expert testimony).

Subpart C was added mandating summary disclosures, in place of complete expert reports, of the opinions to be offered by expert witnesses who were not retained or specially employed to give expert testimony. Rule 26(a)(2)(C). The

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(2)(C), a party must supply a disclosure as it relates to non-retained expert witnesses (including "hybrid" witnesses who can be both fact witnesses and expert witnesses) stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

advisory committee notes explain that common examples of experts required to submit summary disclosures include physicians or other health care professionals. Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. The amendment attempts to clarify the distinction between an expert retained for the purpose of providing expert testimony and non-retained experts. *See* Rule 26(a)(2)(C) and Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (stating that non-retained witnesses must provide "a summary of the facts and opinions to which the witness is expected to testify.").

Treating physicians are particularly contemplated as likely candidates for the less burdensome disclosure obligations of Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (specifically identifying "physicians or other health care professionals" among "[f]requent examples" of witnesses who may testify as fact witnesses and offer expert testimony without requiring a report under Rule 26(a)(2)(B), but will now need to be identified under Rule 26(a)(2)(A) and provide summary disclosures under Rule 26(a)(2)(C)); *Bostick v. State Farm Mutual Automobile Insur. Co.*, 16–cv–1400, 2017 WL 2869967 (M.D. Fla. July 5, 2017) (treating physicians were not required to provide written reports because they were not retained or specially employed to provide expert testimony, but plaintiff was required to comply with Rule 26(a)(2)(C) for treating physicians to testify beyond observations made during course of their treatment); *Sweat v. United States*, 14-cv-888, 2015 WL 8270434 (M.D. Fla. Dec. 8, 2015) (full reports required if physicians were asked to give opinions beyond those procured directly from treatment of plaintiff); *Blakely v.*

*Safeco Insur. Co. of Illinois,* 13–cv–796, 2014 WL 1118071 (M.D. Fla. Mar. 20, 2014) (physicians may testify to their opinions, based on their personal observations made while treating plaintiff, but any additional opinions plaintiff might seek to elicit from these health care professionals are inadmissible because plaintiff failed to provide full written disclosures required by Rule 26(a)(2)(B)); *In re Denture Cream Products Liability Litigation*, No. 09–2051–MD, 2012 WL 5199597 (S.D. Fla. Oct. 22, 2012) (although full reports were required from physicians, court declined to strike experts' partial disclosures because reports could be provided before close of discovery); *see also Banister v. Burton*, 636 F.3d 828 (7th Cir. 2011) (detailed discussion and collection of cases summarizing what is and is not proper testimony for a treating physician).

The advisory committee notes on Rule 26 cites treating physicians and healthcare professionals as common examples of "hybrid" witnesses exempt from proving the expert disclosure requirements set forth in Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 and 2010 amendments. When physicians testify regarding opinions "formed and based upon observations made during the course of treatment" of a patient, a Rule 26(a)(2)(B) report is not necessary. *In re Denture Cream*, No. 09–2051–MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (internal quotation marks and citation omitted); *Wilson v. Taser Int'l., Inc.*, 303 F.App'x 708, 712-13 (11th Cir. 2008) (finding treating physician's testimony regarding his diagnosis of plaintiff's spine injury admissible "as lay testimony without the [need to conduct a] *Daubert* analysis"); *Williams v. Mast Biosurgery U.S.A., Inc.*, 644 F.3d

1312, 1317 (11th Cir. 2011) (quoting with approval a Tenth Circuit opinion stating that "[a] treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party"); *Principi v. Survivair, Inc.*, 231 F.R.D. 685, 692 (M.D. Fla. 2005) (stating that "[a] treating physician is not an 'expert' witness if he or she testifies about observations based on personal knowledge, including the treatment of a party," and finding a treating physician's diagnosis and prognosis testimony lay opinion testimony subject to Rule 701); *Bryan v. Whitfield*, 14–CV–341, 2015 WL 3407485 (N.D. Fla. Mar. 16, 2015); *Torres v. Walmart Stores East, L.P.*, 16-CV-60984, 2017 WL 8780915 (S.D. Fla. June 9, 2017).

However, even treating physicians may be subject to section (2)(B) if they offer opinions that extend beyond their treatment of a patient or if they form opinions upon review of information provided by an attorney or in anticipation of litigation. *See In re Denture Cream*, No. 09–2051–MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (citations omitted); *see also Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 11-CV-01094, 2013 WL 1189493, at *12 (N.D. Ga. Mar. 21, 2013) ("If, however, the physician's opinion was based on facts gathered outside the course of treatment ... or if the physician's testimony will involve the use of hypotheticals, then a full subsection B report will be required." (alteration added; citations omitted)); *Lebron v. Royal Caribbean Cruises, Ltd.*, 16-CIV-24687, 2018 WL 4539706, at *5 (S.D. Fla. Sept. 21, 2018).

The Eleventh Circuit Court of Appeals has acknowledged that "special evidentiary problems" exist with respect to testimony from treating physicians, and it has instructed courts to ensure that the reliability requirements set forth in Rule 702 of the Federal Rules of Evidence are not "evaded through the simple expedient of proffering an expert in lay witness clothing." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1316–17 (11th Cir. 2011) (quoting *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). In *Henderson*, the Eleventh Circuit explained that where a doctor did not need to determine how a patient was injured to treat him, her diagnosis that the patient's jaw was fractured was permissible lay testimony. However, any testimony about the underlying cause of the patient's injury would be an hypothesis, and "<u>the ability to answer hypothetical questions is the essential difference between expert and lay witnesses</u>." *Id*. (emphasis supplied). "[W]hen a treating physician's testimony is based on an hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702[2] and the strictures of *Daubert*." *Williams*, 644 F.3d at 1317-18.

---

[2] Federal Rule of Evidence 702 governs the admission of expert evidence. *See Daubert*, 509 U.S. at 588–89. Under Rule 702, "district courts must act as 'gatekeepers' which admit expert testimony only if it is reliable and relevant." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (citing *Daubert*, 509 U.S. at 589). An expert may testify, if:
    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702.

Here, it is clear from Plaintiff's filings that the original purpose of listing Dr. Becker as a non-retained expert witness was to present "lay" testimony as it related to his treatment of Plaintiff.[3]

After the close of discovery, Defendants moved for partial summary judgment arguing, in part, that Plaintiff's failure to warn claims fail as a matter of law because she had no evidence to establish the essential element of causation.[4] At that point, Plaintiff sought to secure Dr. Becker's opinion, for the first time, on the issue of causation. Immediately, Plaintiff attempted, without success, to procure an affidavit from Dr. Becker before the 10-day response deadline expired. (Hence, the motion for extension of time.) Eventually Plaintiff procured an affidavit from Dr. Becker, which

---

[3] Arguably, once identified as such, Plaintiff should have produced a summary of the facts and opinions to which Dr. Becker was expected to testify. Rule 26(a)(2)(C). Plaintiff did not do that. That failure, however, is not the basis for the Court's ruling on the present motions.

[4] Under Florida law, a manufacturer of a prescription drug or a medical device, has a duty to warn consumers of the known risks of using its product. *Horrillo v. Cook Inc.*, Case No. 10-CV-15327, 2012 WL 6553611, at *2 (11th Cir. Nov. 7, 2012) citing *Buckner v. Allergan Pharms., Inc.*, 400 So.2d 820, 822 (Fla. Dist. Ct. App. 1981) ("*Buckner*"). Failure to provide that warning may render the manufacturer strictly liable for any resulting harm. *Buckner*, 400 So.2d at 822-23. However, in the context of certain medical products, such as medical devices, the manufacturer may discharge its duty to warn by providing an adequate warning to the treating medical professional — the learned intermediary — rather than the patient. *Felix v. Hoffmann-LaRoche, Inc.*, 540 So.2d 102, 104 (Fla. 1989); *Buckner*, 400 So.2d at 822; *see also Christopher v. Cutter Labs.*, 53 F.3d 1184, 1192 (11th Cir. 1995) ("*Christopher*") (applying Florida law). Warning the treating physician discharges the manufacturer's duty to warn because the physician "weighs the potential benefits against the dangers in deciding whether to recommend" the product to the patient. *Felix*, 540 So.2d at 104. Thus, the critical inquiry is whether the plaintiff can produce evidence that the warning was inadequate to inform the physician of the risk that the drug can cause the injury alleged by the plaintiff. *Kaufman v. Wyeth, LLC*, No. 02-CV-22692, 2011 WL 10483576, at *5 (S.D. Fla. Aug. 15, 2011) citing *Upjohn v. MacMurdo*, 562 So.2d 680, 683 (Fla. 1990) ("the adequacy or inadequacy of the warning to inform a physician must, except in the more obvious situations, be proved by expert testimony").

Further, because a manufacturer's duty to warn of a prescription drug's risks runs to the physician, a plaintiff must prove the inadequacy of a prescription drug's warning at trial through admissible expert testimony. *Upjohn Co.*, 562 So.2d at 683; *Felix*, 540 So.2d at 104. "Consequently, to satisfy the causation element, a plaintiff must show that her treating physician would not have used the product had adequate warnings been provided." *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1321 (11th Cir. 2017) citing *Felix*, 540 So.2d at 105. This is the issue for which Dr. Becker's affidavit was presented.

she now seeks to use in support of her opposition to Defendants' Motion for Partial Summary Judgment.  In the affidavit, Dr. Becker is asked to hypothesize whether he would have implanted the TVT-S if he had been given the various warnings Plaintiff's attorneys maintain should have been provided.  A physician's opinion testimony beyond his observations during the course of treatment, or for the purpose of explaining the physician's decision-making process or the treatment provided, crosses the line from lay opinion testimony to expert testimony based on scientific, technical, or other specialized knowledge.  *See Eberhart v. Novartis Pharmaceuticals Corp.*, 867 F. Supp. 2d 1241, 1253 (N.D. Ga. 2011) citing *Henderson*, 409 F.3d at 1300.

The affidavit with which Plaintiff seeks to supplement the record does not "pertain to" Plaintiff's treatment and is "not helpful to a clear understanding of [Dr. Becker's] decisionmaking process" in treating Plaintiff.  *Henderson*, 409 F.3d at 1300; *Williams,* 644 F.3d at 1317.  The new opinion for which Dr. Becker's affidavit is being offered is purely in the nature of expert testimony.  This affidavit offers an undisclosed expert opinion after the close of discovery and after the briefing of the motion for summary judgment.  Such testimony was not disclosed in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), Federal Rule of Evidence 702 and the strictures of *Daubert*.  *In re Fosamax Products Liability Litigation*, 647 F.Supp.2d 265, 280 (S.D.N.Y. 2009) ("To the extent Dr. Mills's declaration discusses what he would have done differently had he known about the alleged benefits and risks of Fosamax, the declaration constitutes an expert opinion."); *Chapman v. Procter & Gamble Distributing, LLC,* 766 F.3d 1296, 1316 n.23

(11th Cir. 2014) (treating physicians who are not properly disclosed as experts are precluded from opining on the issue of causation); *Henderson*, 409 F.3d at 1300 (distinguishing between an oral surgeon's testimony that a patient had a fractured jaw as opposed to giving a hypothesis as to the cause); *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1318 (11th Cir. 2011) (plaintiff's "treating physicians were concerned with the presence of foreign material and with its effect on her physical condition. The exact identity of the substance was not critical to the decision to remove it." *Id*. Because "conclusive findings about [the foreign substance's] identity were not necessary to [the plaintiff's] treatment," the opinions of the treating physicians about the identity of the substance were not admissible as lay testimony. *Id*.).

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was *either* justified or harmless." *Dyett v. North Broward Hospital District*, 03–60804–CIV, 2004 WL 5320630, *2 (S.D. Fla. Jan. 21, 2004). Thus, even if expert disclosure is untimely, if the late party can show substantial justification based on the party's reliance on the deadlines under Rule 26(a)(2)(D), discovery may be reopened to allow the expert discovery. *Valdes v. Miami-Dade Co.*, 12-22426-CIV, 2015 WL 6829055, *5 (S.D. Fla. Nov. 6, 2015)

(assuming arguendo that disclosure of expert after discovery completion date was untimely when scheduling order did not include expert disclosure deadline, defendants demonstrated "substantial justification" for late disclosure based on their reliance on 90-day default disclosure rule). Plaintiff in the instant case presents no valid justification, and the omission is not harmless.

Here, Defendants did not raise Plaintiff's failure to comply with Rule 26(a)(2)(B) or (C) as a basis for their motion to strike, or in opposition to Plaintiff's motions for extension of time or to supplement. Defendants simply argue that Plaintiff "had ample opportunity to procure Dr. Becker's testimony during discovery, and [she has] failed to show good cause or excusable neglect to justify an extension of time to do so." DE 34 at 1. Both Plaintiff and Defendants address Rule 56(d) and (e) which provides, in pertinent part, that if facts are unavailable to the nonmovant, or if a party fails to properly address another party's assertion of fact, a court may allow time for said party to obtain affidavits to support its opposition.

At oral argument, Plaintiff asserted "[w]ell, Judge, this was an MDL proceeding, so there was no traditional Rule 26 procedure that takes place. The case was removed and put into the MDL, and then the discovery and everything that needed to be done was controlled by the Court's orders, not by the standard Rule 26 disclosures." Transcript at 63 (DE 74). "When the case went into the MDL, the judge eventually ordered us to fill out when the case became active, a fact sheet. That takes the place of a Rule 26 disclosure that you might get in a normal case that's removed from state court to federal court without the MDL involved. We complied

with that entirely. . . [O]rder 303 specifically talks about how we disclose experts and doesn't indicate that we have to do anything for treating doctors because of the fact sheet." Transcript at 65. Plaintiff further states, "[a] t the time we disclosed Dr. Becker as just a doctor who's going to testify in the case, as a non-retained expert, there was no motion for summary judgment pending. There was no allegation made by them in any form that we had in our case that there was going to be some causation issue raised relative to Dr. Becker of why he did or didn't put in the product." Transcript at 66. "If we had failed to do something under Rule 26, they would have raised it by now." Transcript at 67.

The Court finds these arguments unpersuasive. First, MDL Pretrial Order #303 expressly required compliance with Rule 26 disclosure requirements. Second, it is not Defendants' responsibility to alert Plaintiff as to a lack of proof to support her claim before they filed their motion for summary judgment. Thus, Plaintiff's belated attempt to bring a new expert opinion into the case is not justified. Nor is it harmless, since discovery has been closed since July 13, 2018, and the summary judgment briefing was completed with Defendants' Reply filed on November 1, 2018.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Leave to Supplement Plaintiff's Response in Opposition to Defendants, Ethicon, Inc. and Johnson & Johnson's Motion for Partial Summary Judgment With Affidavit of Implanting Physician, Edward R. Becker, M.D. [DE 27] is denied;

2. Defendants' Motion to Strike the Untimely Affidavit of Edward R. Becker, M.D. [DE 35] is granted; and

3. Plaintiff's Motion for Extension of Time to File Implanting Physician's Affidavit in Support of her Opposition to Defendants, Ethicon, Inc. and Johnson & Johnson's Motion for Partial Summary Judgment [DE 39] is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of December, 2019.

KENNETH A. MARRA
United States District Judge